**Patrick J. Geile**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**Meridian, Idaho 83680**
**Phone: (208) 888-9111**
**Fax: (208) 888-5130**
**Bar No. 6975**
**pgeile@foleyfreeman.com**

**Attorney for Defendant**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** <br><br> **JUSTIN DOUGLAS MCMASTER,** <br><br> Debtor. | Case No. 18-00300-JMM <br><br> Chapter 7 |
| **ACTING UNITED STATES TRUSTEE,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **JUSTIN DOUGLAS MCMASTER,** <br><br> **Defendant.** | Adversary Case No. 18-06030-JMM |

## ANSWER TO COMPLAINT OBJECTING TO DISCHARGE
## UNDER 11 U.S.C. § 727(A)

COMES NOW, the Defendant, Justin Douglas McMaster ("Defendant"), by and through his counsel of record, Patrick J. Geile of Foley Freeman, PLLC, and hereby answers Plaintiff's Complaint Objecting to Discharge Under 11 U.S.C. § 727(a) ("Complaint") as follows:

1.  Defendant denies each and every allegation set forth in the Complaint, unless specifically admitted herein.

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 1**

2. Defendant admits paragraph 1.

3. Paragraph 2 calls for legal conclusion and therefore, the Defendant denies the same.

4. Defendant admits paragraph 3.

5. Defendant admits paragraph 4.

6. Defendant admits paragraph 5.

7. Defendant admits paragraph 6.

8. Defendant admits paragraph 7.

9. Defendant denies paragraph 8.

10. Defendant admits paragraph 9.

11. Defendant admits paragraph 10.

12. Defendant admits paragraph 11.

13. Defendant is without knowledge to either admit or deny paragraph 12 without reviewing a transcript, and therefore denies the same.

14. Defendant denies paragraph 13. The bills that were paid to RPM Diesel were bills of McMaster Trucking for benefits conveyed to McMaster Trucking.

15. Defendant admits paragraph 14.

16. Defendant admits paragraph 15.

17. Defendant admits paragraph 16.

18. Defendant admits paragraph 17.

19. Defendant admits paragraph 18.

20. Defendant admits paragraph 19.

21. Defendant admits paragraph 20.

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 2**

22. Defendant is without knowledge to either admit or deny paragraph 21, and Defendant reserves the right to amend this response.

23. Defendant denies paragraph 22 to the extend that McMaster Trucking paid for services provided by RPM Diesel.

24. Defendant denies paragraph 23 only to the extent that the vehicle is referenced as a personal vehicle as it was always used for business.

25. Defendant denies paragraph 24.

26. Defendant denies paragraph 25.

27. Defendant admits paragraph 26.

28. Defendant denies paragraph 27 to the extent that no value was transferred between the two entities.

29. Defendant denies paragraph 28 to the extent that the Defendant "regularly deposited and withdrew money".

30. Defendant admits paragraph 29.

31. Defendant admits paragraph 30 in part that RPM Diesel did pay personal living expenses of both the Defendant and Crysta Buffington but denies the remainder of the allegation.

32. Defendant admits paragraph 31.

33. Defendant admits paragraph 32 to the extent that a New RPM Diesel was created but denies the remainder of the allegation.

34. Defendant admits paragraph 33.

35. Defendant denies paragraph 34.

36. Defendant admits paragraph 35.

37. Defendant admits paragraph 36.

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 3**

38. Defendants admits paragraph 37.

39. Defendant admits paragraph 38.

40. Defendants admits paragraph 39 to the extent that he would need to review the transcript to determine exactly what was stated and reserve the right to amend this response.

41. Defendant denies paragraph 40.

42. Defendant admits paragraph 41.

43. Defendant admits paragraph 42.

44. Defendant admits paragraph 43 as to the amount that was in the account but does not what outstanding checks existed on April 16, 2018.

45. Defendant denies paragraph 44 to the extent that Defendant did not have any equity in the vehicle, although admits that McMaster Excavation was on the title.

46. Defendant denies paragraph 45 to the extent that Defendant did not have any equity in the vehicle, although admits that McMaster Exuviation was on the title.

47. Defendant denies paragraph 46 as these vehicles are owned and controlled by the entity, although the vehicles are used for both personal and business use. Defendant admits that there were not listed on the SOFA.

48. Defendant denies paragraph 47 as these vehicles are owned and controlled by the entity, although the vehicles are used for both personal and business use. Defendant admits that there were not listed on the SOFA.

49. Defendant admits paragraph 48.

50. Defendant admits paragraph 49.

51. Defendant denies paragraph 50.

52. Defendant admits paragraph 51 in that he provided the 2016 tax return at the 341

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 4**

but does recall where or not he indicated that that had been filed.

53. Defendant admits paragraph 52.

54. Defendant admits paragraph 53.

55. Defendant denies paragraph 54 to the extent that it in contradiction with the 341 Meeting testimony. Defendant admits to the fact that the 2016 tax return had not yet been completed.

56. Defendant admits paragraph 55.

57. Defendant admits paragraph 56.

58. Defendant admits paragraph 57 in that this was not listed on the SOFA but denies whether or not it would have been required to do so.

59. Defendant admits paragraph 58.

60. Defendant admits paragraph 59.

61. Defendant is without knowledge as to the Trustee's ability to identify sources and admits that the rent payment is $1,280 per month, and denies the remainder of paragraph 60.

62. Defendant denies paragraph 61.

63. Paragraph 62 does not call for a legal conclusion and therefore Defendant denies the same.

64. Defendant denies paragraph 63.

65. Defendant denies paragraph 64.

66. Paragraph 65 does not call for a legal conclusion and therefore Defendant denies the same.

67. Defendant denies paragraph 66.

68. Defendant denies paragraph 67.

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 5**

69. Defendant denies paragraph 68.

70. Paragraph 69 does not call for a legal conclusion, and therefore Defendant denies the same.

71. Defendant denies paragraph 70.

72. Defendant denies paragraph 71.

73. Paragraph 72 does not call for a legal conclusion, and therefore Defendant denies the same.

74. Defendant denies paragraph 73.

75. Defendant denies paragraph 74.

76. Paragraph 75 does call for a legal conclusion, and therefore Defendant denies the same.

77. Defendant denies paragraph 76.

78. Defendant denies paragraph 77.

79. Paragraph 78 does not call for a legal conclusion, and therefore Defendant denies the same.

80. Defendant denies paragraph 79

81. Defendant denies paragraph 80.

82. Paragraph 81 does not call for a legal conclusion, and therefore Defendant denies the same.

83. Defendant denies paragraph 82.

84. Defendant denies paragraph 83.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason that Plaintiff has failed to plead fraud on the part of Debtor with particularity as required by F.R.C.P. 9(b) and F.R.B.P. 7009(b).

## ATTORNEY'S FEES AND COSTS

Defendant has been required to retain the services of Foley Freeman, PLLC to represent him in this matter, and he should be awarded his costs and reasonable attorney's fees in this matter, pursuant to applicable state and federal law.

## CONSENT

Defendant consents to this court entering final judgment.

DATED this 21st day of December, 2018.

FOLEY FREEMAN, PLLC

/s/ Patrick J. Geile
Patrick J. Geile
Attorneys for Debtor

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 7**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 21st day of December, 2018, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | |
|---|---|
| Brett R. Cahoon |  X   CM/ECF Notice |
| Acting United States Trustee | |
| Office of the U.S. Trustee | |
| Washington Group Central Plaza | |
| 720 Park Blvd., Ste. 220 | |
| Boise, ID 83712 | |

                            /s/ Patrick J. Geile
                            Patrick J. Geile

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE UNDER 11. U.S.C. § 727(A) - 8**